IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDY B. GOMEZ, JESSE GOMEZ,
TOMMY W. GOMEZ,

      Plaintiffs,

v.                                         No. CIV 09-1022 MV/WDS

THE UNITED STATES OF AMERICA,
RON SANCHEZ, SUSAN G. PRICE,
SONYA TODD, MANUEL MEJIA RODRIGUEZ,
SANDRA VICENS-PECENKA, ERICA
BURKHART, SUSAN CIMINI, PAGE REBELO,
BETTY JOE FORTUNE, EDWARD W. FEENY,
JOYCE VAIL, TONYA H. FIELDS,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on *Defendants' Motion to Dismiss Plaintiffs' Civil Rights Complaint*, filed July 6, 2010 [Doc. 14]. The Court has reviewed the parties' submissions and the relevant authorities and will grant the motion, but will require further briefing on the issue whether, if the Plaintiffs were allowed to amend their Complaint to state that the basis for this Court's jurisdiction is an appeal under 42 U.S.C. § 7385s-6, such an appeal would be timely.

**I.    FACTUAL BACKGROUND**

Plaintiffs are three grandchildren of Marcos and Maria Gomez. Marcos and Maria are both deceased, as are all of their biological children. *See* Complaint, Doc. 1 at 2. Elaine Loretta Martinez, who is not a party to this suit, claims that Marcos and Maria adopted her as a small child. *See id.* This suit arises from the Plaintiffs' contentions that the Defendants, who are all employees of the U.S. Department of Labor's ("DOL") Office of Workers' Compensation

Programs, *see* Doc. 13 at 2, wrongfully awarded Marcos's employment benefits to Martinez in administrative proceedings brought under the Energy Employees Occupational Illness Compensation Program Act of 2000 ("EEOICPA"), 42 U.S.C. §§ 7384-7385s-15.  *See* Doc. 13 at 2; Complaint at 2.  Plaintiffs contend that the Defendants, with no legal basis for doing so, wrongfully treated Martinez as though she is Marcos's legally-adopted child and, accordingly, the only proper recipient of his EEOICPA benefits, to their detriment.[1]

On October 27, 2009, using a form complaint for persons seeking relief under 42 U.S.C. § 1983 against a state actor, *see* Complaint at 1, Andy B. Gomez, Jesse Gomez, and Tommy W. Gomez filed the federal Complaint at bar, asserting three claims, *see id.* at 10.

Count I of the Complaint asserts a breach of fiduciary duty by the Defendants based on the denial of EEOICPA benefits to the Plaintiffs and the approval of Martinez's claim for those benefits, and the Defendants' alleged failure or refusal to properly consider the Plaintiffs' evidence that Martinez was never legally adopted.  *See* Complaint at 4-6.

Count II asserts that Plaintiffs were denied due process and equal protection, were treated unfairly, and faced discrimination and prejudice because Martinez, instead of the Plaintiffs, was awarded the EEOICPA benefits; because "payment was made to [] Martinez prior to the exhaustion of our appeal rights;" because one of the hearing representatives may have "formed a preconceived adverse opinion prior to" a hearing; and because certain Defendants wrongly stated that the Plaintiffs had failed to object to decisions denying reconsideration.  *Id.* at 6-8.

---

[1]     Under 42 U.S.C. § 7384s(e)(1)(D) and (3)(B), if a covered employee dies before filing his claim and his spouse and "recognized natural child, a stepchild who lived with an individual in a regular parent-child relationship, and an adopted child" all are dead,  the employee's benefits are paid "in equal shares to all grandchildren of the covered employee who are living at the time of payment." Because the DOL determined that Martinez was adopted, notwithstanding the apparent fact that she did not present an adoption decree showing that her adoption was legally formalized as required by the New Mexico adoption statutes in effect at the time, the DOL awarded the benefits to Martinez instead of to the grandchildren.

Count III asserts that Defendants negligently caused the Gomezes emotional distress by failing to "properly validate and assure the documentation used to justify [] Martinez's payment is a legal and binding document," thus causing the Plaintiffs to suffer "unjust severe disappointment and despair." *Id.* at 8.

On July 6, 2010, the United States of America substituted itself for the individual defendants with regard to Counts I and III because the named individual Defendants were acting within the scope of their employment at the time the incident resulting in the tort claims occurred. *See* Doc. 13 at 3. Plaintiffs did not object to the substitution, and the Court entered an order substituting the United States as the Defendant for Counts I and III and dismissing those counts against the individually-named Defendants.

Defendants have filed a motion to dismiss the Complaint under Federal Rules of Civil Procedure 4(i) and (m), 12(b)(1), 12(b)(5), and 12(b)(6), contending, *inter alia*, that Plaintiffs' claims must be dismissed for lack of subject-matter jurisdiction for failure to exhaust administrative remedies regarding the tort claims, as required by the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2401(b), and 2671 *et seq.*; and for failure to state a claim for which relief can be granted under Count II with respect to the individual Defendants, including any *Bivens* claims, or claims brought pursuant to § 1983. *See* Doc. 14 at 3-4. Andy and Tommy Gomez filed multiple documents in response to the motion.

Andy Gomez filed a response on July 8, 2010 entitled "*Andy Gomez Plantiff's [sic] Responding to the Motion to Dissmiss [sic] and Pleading the Courts [sic] Continue Our Appeal's* [sic]," which generally opposed the motion. *See* Doc. 15 at 2. He filed with this response a 55-page attachment comprised of an unsigned cover letter indicating the documents were "copies of [Plaintiffs'] case file, and a copy of [their] complaint," *see* Doc. 16; a 55-page

attachment containing documents from their EEOICPA administrative case file, *see* Doc. 17; a 51-page attachment containing additional documents from their administrative case file, *see* Doc. 18; a 50-page attachment containing additional documents from that same case file, *see* Doc. 19; and a 6-page attachment that includes two unsigned memorandum, one of which purports to be a "third attachment pleading . . . in response to the motion to dismiss . . . .", Doc. 20 at 3. Tommy Gomez filed a separate response to the motion to dismiss, asserting a "peremptory pleading to stop the dismissal of our civil rights complaint" and requesting a hearing. Doc. 23 at 2.[2]

## II.   LEGAL STANDARDS

A court may dismiss a complaint for "lack of jurisdiction over the subject matter." FED. R. CIV. P. 12(b)(1). The party invoking federal jurisdiction bears the burden of establishing its existence. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Motions to dismiss for lack of subject-matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). These two forms of attack differ.

On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a rule 12(b)(6) motion: the court must consider the complaint's allegations to be true. *See id.* at 1180. But when the attack is factual, a district court may not presume the truthfulness of the complaint's factual allegations. "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule

---

[2] The Court directs the Plaintiffs to review the Federal Rules of Civil Procedure and local rules of civil procedure, with which they must comply, specifically the rules that address page limitations for motions, responses, and attachments.

12(b)(1)." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). "In such instances, a court's reference to evidence outside the pleadings does not convert the motion [to dismiss] to a Rule 56 motion [for summary judgment]." *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003). A court, however, is required to construe a Rule 12(b)(1) motion to dismiss as a Rule 56 summary-judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. *See Garcia v. United States Air Force*, 533 F.3d 1170, 1176 (10th Cir. 2008).

A complaint should be dismissed for failure to state a claim under FED. R. CIV. P. 12(b)(6)

> if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.' " *Macarthur v. San Juan County*, 497 F.3d 1057, 2007 WL 2045456, at *5, 2007 U.S. App. LEXIS 17008, at *16 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 541, 127 S. Ct. 1955, 1968-69, 167 L. Ed.2d 929 (2007)).

*Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 544).

> "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted" under Rule 8(a)(2). *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted), *cert. denied*, --- U.S. ----, 13- S. Ct. 1142, --- L. Ed. 2d — (2010). While, generally, only the complaint and its allegations are considered in a motion to dismiss, documents referred to in the complaint may be considered at the motion-to-dismiss stage if they are "central to the plaintiff's claim" and their authenticity is undisputed.

*Phillips v. Bell*, 365 F. App'x 133, 137-138 (10th Cir. 2010).

Pro-se pleadings are interpreted liberally, *see Swoboda v. Dubach*, 992 F.2d 286, 289 (10th Cir. 1993), but the pro-se litigant must comply with the basic requirements of the Federal Rules of Civil Procedure, *see Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008). A pro-se plaintiff is, therefore, not relieved of the burden of alleging sufficient facts upon which to base a recognized legal claim. *See Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008). "This is so," the Tenth Circuit has explained, "because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But ["i]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* However, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*; *see Iqbal*, 129 S. Ct. at 1951 (noting that the district court must first "identify the [conclusory] allegations in the complaint that are not entitled to the assumption of truth" and disregard them, and then it "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief").

Under the doctrine of sovereign immunity, "the United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Weaver v. United States*, 98 F.3d 518, 520

(10th Cir. 1996) (internal quotation marks omitted). The FTCA waives the United States' immunity for certain tort claims and makes the United States liable

> for personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). The FTCA also limits the time during which a party may bring its claim under the Act and sets forth the required administrative process that must be completed before a claim may be brought in federal court. In pertinent part, the FTCA provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues. . . ." 28 U.S.C. § 2401(b). A claim is deemed presented when a federal agency receives from a claimant "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a); *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994). The FTCA further states that disposition by a federal agency is a prerequisite to filing a tort claim against the United States in federal court:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. . . .

28 U.S.C. § 2675(a).

**III.     ANALYSIS**

**A.   Failure to exhaust administrative remedies for the tort actions set forth in Counts I and III**.

Although the Plaintiffs do not cite to the FTCA as the basis for their right to relief on their tort claims brought in Counts I and III, "[a]n action under the FTCA is the exclusive remedy for someone claiming personal injuries arising out of the negligent conduct of a federal employee . . . ." *Singletary v. United States*, No. 03-3123, 82 Fed. App'x 621, 624, 2003 WL 22792404, *2 (10th Cir. Nov. 25, 2003); 28 U.S.C.A. § 2679(b)(1) ("The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property . . . . arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim . . . ."). Defendants contend that the Court lacks subject-matter jurisdiction over the tort claims because the Plaintiffs have not exhausted their administrative remedies. *See* Doc. 14 at 9-16. The Defendants submitted an affidavit showing that the Department of Labor has not received an executed Standard Form 95 or any other written notification of a claim for damages against the federal employees or the United States. *See id.*, Ex. B. The Plaintiffs do not allege that they have filed such notification. Without citing to any specific case, Tommy Gomez contends that "[t]he Supreme Court reaffirmed its long standing role that exhaustion of administrative remedies is not a condition presidente [sic] to filing a complaint." Doc. 23 at 2.

It is true that non-prisoner plaintiffs pursuing civil-rights claims under 42 U.S.C. § 1983 need not exhaust administrative remedies before filing suit in court. *See Porter v. Nussle*, 534 U.S. 516, 523 (2002). But because the Plaintiffs have not alleged any facts to show that the federal employees were acting under color of state law when the incidents providing the basis for this lawsuit occurred, Plaintiffs have not stated a claim for relief under § 1983 even though the form complaint they used cites § 1983 as its jurisdictional basis. *See Anderson*, 499 F.3d at 1232-33 (noting that, to state a claim under § 1983, "the constitutional deprivation [must] be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible and that the party charged with the deprivation must be a person who may fairly be said to be a state actor") (internal quotation marks omitted); *Kite v. Kelley*, 546 F.2d 334, 337 (10th Cir. 1976) ("Section 1983 has no application to federal officers acting pursuant to federal law.").

As noted above, tort claims against federal employees acting in their official capacities may only be brought against the United States under the FTCA, and the FTCA requires prior exhaustion of administrative remedies before suit is filed in district court. *See* § 2675(a); *Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991). Andy Gomez states: "we the plaintiffs have[,] and so does final adjudication branch office[,] a case file full of subject matter referencing to our case from 2004 to present." Doc. 20 at 1. He continues:

> we . . . have been engaged with both agency personnel in Seattle, Washington and Washington, D.C. on this prolong referral system of theirs and appealing our case both orally and in writing. We have gone as far as attending administrative hearings in Albuquerque, N.M. In the hopes our appeals for reconsideration be granted. On the contrary, D.O.L. officials close our case . . . All theese [sic] request were unduly burdensome this case had basically reached the finality of the

> administrative remedy 6 years therefore we whose the federal court forum because they play a paramount role in protection [sic] constitutional rights.

*Id.* Tommy Gomez contends:

> D.O.L. administrative remedies in reference to our appeals for reconsideration only serve one purpose which was to have our case closed and our due process rights privileges and immunities infringed upon. . . Department of Labor officials kept our case restrained at their lower levels and refused to move our case to a higher level of review as to allow an Administrative Judge to rule on our appeals and reconsideration even after letter sent to final adjudication branch in Washington requesting Administrative Judge review.

Doc. 23 at 2. But the proceedings that Plaintiffs describe above, and for which they have an extensive case file, is their request for EEOICPA benefits. The claims that have never been exhausted are their tort claims against the Defendants. Plaintiffs have not alleged that they submitted their tort claims "for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission" of the Defendants to the Department of Labor. Such failure to exhaust "create[s] a jurisdictional bar under the FTCA." *Nero v. Cherokee Nation of Okla.*, 892 F.2d 1457, 1463 (10th Cir. 1989). The Plaintiffs' tort claims for breach of fiduciary duty and negligent infliction of emotional distress will be dismissed for lack of subject-matter jurisdiction.

    **B.**    *Bivens*-**type claims against the individual Defendants in Count II**.

In Count II of their Complaint, Plaintiffs contend they were denied due process because the DOL paid to Martinez the EEOICPA benefits before Plaintiffs exhausted their appeal rights. See Complaint at 6. They argue they were denied equal protection because they were treated unfairly and were adversely affected by the erroneous decision to designate Martinez as the legal heir and sole recipient of the compensation benefits. *See id*. They further contend that they

faced discrimination and prejudice because hearing-officer Pacenka had a preconceived adverse opinion about them prior to the hearing, which put them at a disadvantage. *See id.* at 6-7.

Due-process and equal-protection claims are constitutional claims. Plaintiffs state "[t]he defendants [sic] conduct was a cause of fact for constitutional deprivation by not properly reviewing all the evidence submitted to them . . . and violating our procedural due process and equal protection rights." They continue: "The defendants conduct was a cause of fact for constitutional deprevation [sic] by not properly reviewing all of the evidence submitted to them in reference to the president [sic] case. . ." Doc. 23 at 2.

The Court construes Count II as an attempt to bring a *Bivens*[3] claim against the individual Defendants who were hearing officers because claims alleging violation of constitutional rights by federal employees can be brought only against federal officials in their individual capacities. *See Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (noting that "*Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies . . . .").

Defendants assert that, if Plaintiffs are attempting to bring a *Bivens*-type claim against them in their individual capacities, the Complaint fails to state a claim upon which relief could be granted because *Bivens* does not apply when an alternative remedy exists to address Plaintiffs' constitutional grievances. *See* Doc. 14 at 17-18. Defendants contend that here, Plaintiffs have relief available to them in the form of an appeal, thus any potential *Bivens* claim against the

---

[3] The Supreme Court has created a limited private right of action for damages against federal officers who allegedly have violated a citizen's constitutional rights. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

employees based upon their actions in denying benefits to the Plaintiffs should not be recognized.  *See id.* (citing *Schweiker v. Chilicky*, 487 U.S. 412 (1988) (declining to authorize a *Bivens*-type action against federal employees who denied social security benefits)).  The Court agrees that a *Bivens*-type claim is not available against the individual Defendants in this case.  As in *Schweiker*, by providing for an appeal of the administrative decision in which the Plaintiffs' constitutional claims and claims of legal error may be addressed, the design of the EEOICPA program "suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration." *Schweiker*, 487 U.S. at 423; *and see Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001) (noting that the Supreme Court has "consistently refused to extend *Bivens* liability to any new context or new category of defendants").  Further, federal administrative-agency hearing officers are absolutely immune from suit for alleged violations of constitutional rights for the decisions the hearing officers made in administrative, quasi-judicial proceedings.  *See Butz v. Economou*, 438 U.S. 478, 512-13 (1978) ("adjudication within a federal administrative agency shares enough of the characteristics of the judicial process that those who participate in such adjudication should also be immune from suits for damages" for alleged violation of constitutional rights).  There being no cognizable theory of liability under which the individually-named hearing officers may be held liable for an alleged violation of the Plaintiffs' constitutional rights, the Court will dismiss Count III against the individual Defendants.

**C.  Whether the Complaint should be construed as an appeal of the DOL's decision.**

The Plaintiffs' essential contention is that the Department of Labor's decision to deny benefits to them is unsupported by both law and fact and was not made by an impartial decision-maker.  Under 42 U.S.C. § 7385s-6,

> A person adversely affected or aggrieved by a final decision of the Secretary under this part may review that order in the United States district court in the district in which the injury was sustained, the employee lives, the survivor lives, or the District of Columbia, by filing in such court within 60 days after the date on which that final decision was issued a written petition praying that such decision be modified or set aside. The person shall also provide a copy of the petition to the Secretary. Upon such filing, the court shall have jurisdiction over the proceeding and shall have the power to affirm, modify, or set aside, in whole or in part, such decision. The court may modify or set aside such decision only if the court determines that such decision was arbitrary and capricious.

As noted above, it seems clear that, from the outset, the Plaintiffs have sought to challenge the DOL's decision to deny their claim for EEOICPA benefits.  And as the Defendants point out, the Plaintiffs could raise their claims of legal and constitutional error set forth in their Complaint in a timely appeal from that decision.  It is unclear, however, whether, if the Plaintiffs were allowed to amend their October 27, 2009 Complaint to request an appeal under § 7385s-6, the Plaintiffs still may timely appeal from the DOL's administrative decisions determining that they are not entitled to EEOICPA benefits because Martinez was the only proper beneficiary. *See Jordan v. United States Dep't of Labor*, 08-35872, 352 Fed. App'x 187, 188, 2009 WL 3713643, *1 (9th Cir. Oct. 16, 2009) (affirming denial of EEOIPCA benefits in administrative appeal to person who, although he "essentially had a parent-child relationship with" the deceased employee, was not a "child" as defined by the Act because the employee "did not adopt him").

It is unclear from the administrative case-file documents the Plaintiffs have submitted whether, and when, final decisions were issued by the DOL because there apparently were two separate decisions addressing the grandchildrens' claims.[4] Within fourteen days of the filing of this Order, the parties shall submit copies of the final agency decisions if they were issued for the Plaintiffs' claims, and shall brief whether allowing an amendment to the Complaint would present a timely appeal.

**IT IS THEREFORE ORDERED THAT** Defendants' *Motion to Dismiss* [Doc. No. 14] is GRANTED.

**IT IS FURTHER ORDERED** that, within fourteen days of the filing of this Order, the parties shall simultaneously submit any final orders in the EEOICPA administrative proceedings and their briefs discussing whether allowing the Plaintiffs to amend their Complaint to present an appeal from the DOL's final decision to deny benefits would preserve a timely appeal.

Dated this 25th day of January, 2011.

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**

Pro-Se Plaintiffs:
Andy B. Gomez
Jesse Gomez
Tommy W. Gomez

Attorney for Defendants:
Kenneth J. Gonzales, Esq.
Phyllis A. Dow, Esq.

---

[4] It appears that, under the EEOIPCA, if even one of the grandchildrens' claims could be timely appealed, and the appeal was successful, all of the grandchildren would equally benefit.