IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDY B. GOMEZ, JESSE GOMEZ,
TOMMY W. GOMEZ,

      Plaintiffs,

v.                                                     No. CIV 09-1022 MV/WDS

THE UNITED STATES OF AMERICA,
RON SANCHEZ, SUSAN G. PRICE,
SONYA TODD, MANUEL MEJIA RODRIGUEZ,
SANDRA VICENS-PECENKA, ERICA
BURKHART, SUSAN CIMINI, PAGE REBELO,
BETTY JOE FORTUNE, EDWARD W. FEENY,
JOYCE VAIL, TONYA H. FIELDS,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court *sua sponte* on its January 25, 2011 Order requiring the parties to brief the issue regarding "whether, if the Plaintiffs were allowed to amend their Complaint to state that the basis for this Court's jurisdiction is an appeal under 42 U.S.C. § 7385s-6, such an appeal would be timely." Doc. 27 at 1.

      The United States has, commendably, informed the Court that, if the Complaint in this case were construed as an appeal from the final denial of benefits to the Plaintiffs under Part B of EEOICPA, which is codified at 42 U.S.C. §§ 7384l-7384w-1, an appeal would be timely and this Court has federal-question jurisdiction to review the final agency decisions under the Administrative Procedure Act (APA), 5 U.S.C. §§ 702 and 704. *See* Doc. 29 at 3-5 (citing *Califano v. Sanders*, 430 U.S. 99, 105 (1977); 28 U.S.C. § 2401(a) (providing that actions against the United States must be filed within six years after the right of action first accrues)).

The Court concludes that the Complaint should be so construed without further formal amendment and will allow this case to continue to go forward solely against the United States as appeals from the May 28, 2008 decision finally denying Andy Gomez's claim for Part B benefits and from the June 26, 2009 final decision denying Tommy W. Gomez's and Jesse Gomez's claims for Part B benefits.  Based on the allegations in what is now construed as a petition for review, the scope of this Court's review is whether the final decisions awarding the Part B survivor benefits to Elaine L. Martinez, as a legally adopted child, and accordingly denying those benefits to the grandchildren in equal shares, is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

The appropriate review in this case may be quickly accomplished.  The United States shall submit to the Court a copy of the administrative record that contains all of the evidence submitted by Elaine L. Martinez in support of her claim for survivor benefits, which the administrative law judges used to support their findings that "Elaine L. Martinez submitted an adoption decree showing that she was adopted by [Marcos Gomez] on March 22, 2005" and the corresponding legal conclusion that "Elaine L. Martinez is the eligible surviving child of [Marcos Gomez]," thereby precluding an award of benefits to the grandchildren.  Doc. 29, Ex. B at 1, 4; *id.*, Ex. C at 1 (denying benefits to Tommy and Jesse after noting that a prior "decision concluded that Elaine Martinez, [Marcos's] adopted child, is entitled to survivor benefits under Part B of the Act."); *id.* Ex. D at 1-2 (noting that Tommy and Jesse challenged the denial of benefits, stating that Marcos "unequivocally told [them] that [Elaine] was not adopted" and that "the criteria for adoption was not met under the uniform adoption act" but stating that the record "includes a copy of the Orders of Adoption indicating that [Marcos] completed the referenced legal adoption").

**IT IS ORDERED** that the Plaintiffs' Complaint is construed as containing a single viable claim against the United States, which is a petition for review of the final decisions denying survivor benefits under Part B to the Gomez grandchildren as set forth above, and that the United States shall submit a copy of the relevant administrative record to the Court as set forth above.

_____
**UNITED STATES DISTRICT JUDGE**