## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ANDY B. GOMEZ, JESSE GOMEZ,**
**TOMMY W. GOMEZ,**

      **Petitioners,**

v.    No. CIV 09-1022 MV/WDS

**THE UNITED STATES OF AMERICA**

      **Respondent**.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) pro se Petitioners Andy B. Gomez's, Jesse Gomez's, and Tommy W. Gomez's case [Docs. 1, 15-20], which the Court has construed as an appeal under 42 U.S.C. § 7385s-6 from the May 28, 2008 and June 26, 2009 final denials of benefits to the Petitioners under Part B of the Energy Employees Occupational Illness Compensation Program Act of 2000 ("EEOICPA"), *see* March 30, 2011 Memoradum Opinion and Order and January 25, 2011 Memorandum Opinion and Order; (ii) the United States' opposed *Motion for Establishment of Briefing Schedule*, filed June 9, 2011 [Doc. 33]; and the Petitioner's *Motion for Order*, filed March 25, 2011 [Doc. 30].

    I do not find it necessary for the parties to again brief the very narrow issue before this Court, which is "whether the final decisions awarding the Part B survivor benefits to Elaine L. Martinez, as a legally adopted child, and accordingly denying those benefits to the grandchildren in equal shares, is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." March 30 2011 Order at 2. The United States has submitted a complete copy of the administrative record, and the appeal is ripe for resolution without further briefing.

My review of the administrative agency record shows that Elaine Martinez submitted three documents to the Department of Labor, which administered claims brought under the EEOICPA, in support of her contention that she is the legally adopted daughter of Marcos and Maria Gomez and therefore Marcos's only proper beneficiary under the Act. She submitted a signed and notarized "Agreement of Adoption of Child," dated March 22, 1955, stating that Marcos, Maria, and Elaine's natural mother agreed that Marcos and Maria would adopt Elaine and would not revoke that adoption. Admin. R. Vol. 4 at 838. Martinez also submitted a signed letter, dated December 2, 1959, from the New Mexico Department of Public Welfare to Marcos and Maria stating that the Department had "received the Orders of Adoption indicating that you have completed legal adoption" of Martinez; that it had "sent to the State Department of Public Health a certified copy of the Order of Adoption together with the information necessary for that Department to file a new birth certificate in the adoptive name for this child," and noting that the original "Order of Adoption will [be] . . . sealed in a separate file which may be opened only upon court order." Admin. R. Vol. 4 at 840. And she submitted her official birth certificate issued by the State of New Mexico's Department of Health showing that, on December 18, 1959, Marcos and Maria Gomez registered Elaine's June 2, 1952 birth as a "delayed birth" and listed themselves as her legal "father" and "mother." Admin. R. Vol. 4 at 835. It appears clear, therefore, that Marcos and Maria in fact completed Elaine's legal adoption by obtaining an Order of Adoption from a state court and that they submitted it to the appropriate state agencies for issuance of a new birth certificate acknowledging the adoption. The administrative record does not contain a copy of the actual Order of Adoption, but that is not suspect, given the fact that the Department of Public Welfare sealed it in a file that may be opened only by court order.

Based on this information, which the Department of Labor released to Tommy Gomez on July 27, 2009, *see* Admin. R. Vol. 1 at 12-15, I conclude that its decision concluding that Elaine Martinez is the legally adopted daughter of Marcos Gomez, and, therefore, the only proper beneficiary of Marcos's EEOICPA benefits, is neither arbitrary, capricious, nor an abuse of discretion. *See* 42 U.S.C. § 7384s(e)(1)(D) and (3)(B) (providing that, if a covered employee dies before filing his claim and his spouse and "recognized natural child, a stepchild who lived with an individual in a regular parent-child relationship, and an adopted child" all are dead, the employee's benefits are paid "in equal shares to all grandchildren of the covered employee who are living at the time of payment"). Its denial of benefits to the Plaintiffs, who are Marcos's grandchildren, is therefore also proper, and the Court will not set aside the May 28, 2008 and June 26, 2009 final orders.

**IT IS ORDERED** that the Petitioners' appeal is DENIED.

**IT IS FURTHER ORDERED** that the United States' opposed *Motion for Establishment of Briefing Schedule* [Doc. 33] is DENIED; and

**IT IS FURTHER ORDERED** that the Petitioner's *Motion for Order* [Doc. 30] is DENIED as moot.

**DATED** this 17th day of June, 2011.

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**